UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:07CV-60-R

ROBERT PUREFOY                                                                              PLAINTIFF

v.

NATIONAL MAINTENANCE & REPAIR                                                DEFENDANT
OF KENTUCKY, INC.

**MEMORANDUM OPINION**

This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment for the Payment of Maintenance and Cure (Docket #6). Defendant has filed a response (Docket #7). This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's Motion for Partial Summary Judgment is DENIED.

**BACKGROUND**

On July 27, 2006, Plaintiff suffered injuries to his left ankle and lower back when he fell from a barge onto the riverbank while attempting to lift a wire. At the time Plaintiff was employed by Defendant and was a deckhand and member of the crew of Defendant's vessel, the M/V Bruce D.

Plaintiff was treated in the emergency room at Western Baptist Hospital in Paducah, Kentucky. He then sought care from a chiropractor for his lower back. Plaintiff was subsequently referred by Dr. William Hogancamp to Dr. Riley D. Love, a pain management specialist with Lourdes Pain Management Center of Paducah. Plaintiff first saw Dr. Love on March 23, 2007.

Dr. Love, in his August 7, 2007 report, indicated that he saw Plaintiff on that date and was planning to proceed with a discogram to establish whether or not Plaintiff's discs are the source of

his low back pain. Dr. Love noted that if this was the case, Plaintiff may be a candidate for surgical intervention. An MRI performed on June 19, 2007, showed a disc bulge at L4-5 and at L5-S1.

A discogram was subsequently performed and based on this and a post-discogram CT scan, Dr. Love recommended that Plaintiff see Dr. Bassam Hadi, a neurosurgeon in Paducah. Initially Defendant declined to approve Plaintiff's visit with Dr. Hadi, however, since that time, Defendant has given authorization for Plaintiff to attend a neurosurgical consultation with Dr. Hadi.

On June 13, 2007, Dr. Thomas J. O'Brien, an orthopaedic surgeon with Tennessee Spine and Sports Medicine, conducted an independent medical examination of Plaintiff. Dr. O'Brien concluded that Plaintiff had reached a healing plateau or maximum medical improvement. Dr. O'Brien also concluded that Plaintiff was not a surgical candidate. Dr. O'Brien determined that Plaintiff required no further formal treatment. Defendant terminated payment of maintenance and cure on June 24, 2007.

On September 4, 2007, counsel for Plaintiff requested by letter that Defendant guarantee payment to Dr. Haidi and reinstate maintenance benefits retroactive to their termination. Although Defendant authorized Plaintiff to attend a neurosurgical consultation with Dr. Hadi; Defendant did not agree to reinstate maintenance and cure.

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party.

*See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

Under general maritime law, when a seaman becomes ill or injured during the period of his service, the shipowner is liable to the seaman for maintenance and cure. *Aguilar v. Standard Oil Co.*, 318 U.S. 724, 730 (1943). "Maintenance" is the right of a seaman to food and lodging if he falls ill or becomes injured while in the ship's service. *Guevara v. Mar. Overseas Corp.*, 59 F.3d 1496, 1499 (5th Cir. 1995). "Cure" is the right to necessary medical services. *Id.* "A shipowner is liable to pay maintenance and cure to the point of maximum cure, that is, when the seaman's affliction is cured or declared to be permanent." *Blainey v. Am. S.S. Co.*, 990 F.2d 885, 887 (6th Cir. 1993). Whether a seaman has reached maximum cure is a medical question. *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).

Defendant argues that Plaintiff's motion should be denied as the independent medical examination revealed that Plaintiff has attained maximum medical improvement. Plaintiff, however, points to Dr. Love's opinion that he may be a candidate for surgical intervention. Plaintiff has failed to establish that there are no genuine disputed issues of material fact. This precludes the grant of partial summary judgment at this time.[1]

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment is DENIED.

An appropriate order shall issue.

---

[1] Plaintiff had also moved to compel Defendant to authorize payment for a neurosurgical consultation with Dr. Hadi. This issue is now moot as Defendant has agreed to pay for this consultation.